### ROGERS et al. v. HENNEPIN COUNTY et al.

(Circuit Court of Appeals, Eighth Circuit. January 4, 1915.)

No. 4185.

COURTS ⬳405—UNITED STATES COURTS—APPELLATE JURISDICTION—CASES INVOLVING JURISDICTION OF LOWER COURT.

Under Judicial Code (Act March 3, 1911, c. 231) § 238, 36 Stat. 1157 (Comp. St. 1913, § 1215), providing that appeals and writs of error may be taken from the District Courts direct to the Supreme Court in any case in which the jurisdiction of the court is in issue, an appeal lay to the Supreme Court, and not to the Court of Appeals, from a decree dismissing a bill on the ground that the jurisdictional amount was not involved.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099, 1101, 1103; Dec. Dig. ⬳405.

Review by the Supreme Court of the decisions of the United States Circuit and District Courts since Circuit Court of Appeals Act March 3, 1891, c. 517, 26 Stat. 826, see note to City of Paducah v. East Tennessee Telephone Co., 106 C. C. A. 333.]

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by George D. Rogers and others against the County of Hennepin and others. From a decree dismissing the bill, plaintiffs appeal. On motion to dismiss the appeal. Motion sustained.

H. V. Mercer, of Minneapolis, Minn. (Mercer, Swan & Stinchfield, of Minneapolis, Minn., on the brief), for appellants.

James Robertson, of Minneapolis, Minn. (R. S. Wiggin, of Minneapolis, Minn., on the brief), for appellees.

Before CARLAND, Circuit Judge, and T. C. MUNGER and YOUMANS, District Judges.

YOUMANS, District Judge. The appellees have challenged the jurisdiction of this court by motion to dismiss the appeal. It appears from the record that George D. Rogers, Frank E. Crandall, and Albert L. Goetzman, each as representing himself and others of a similar class brought suit in the United States District Court for the District of Minnesota against the county of Hennepin, Henry C. Hanke, as county treasurer, and individually, and Al P. Erickson, as county auditor, and individually, to enjoin as illegal the collection of assessments, imposed under a statute of the state of Minnesota, on persons holding certificates of membership in the Chamber of Commerce of Minneapolis. It is alleged in the bill that there are 550 members, who are each assessed the sum of $36.77.

―――――

The defendants in the court below moved to dismiss the bill on the ground that the amount involved was less than $3,000, and that no plaintiff had an interest in excess of $40. The motion to dismiss was sustained. It is clear, from the written opinion of the judge and the decree of the court, that the case was dismissed on the ground of jurisdiction. In his opinion Judge Morris said:

"I think this bill ought to be dismissed for lack of jurisdiction, because I do not think that you can sum together these assessments against the individual members, and thus get the required jurisdictional amount."

In the decree appears the following order:

"It is further ordered that the motion to dismiss be and the same is hereby in all things granted, upon the ground that the amount in controversy as to each of said plaintiffs is the sum of $38.77, and no more, and that said plaintiffs and those whom they claim to represent cannot aggregate their claims for the purpose of conferring jurisdiction on this court. It is further ordered that the above entitled action be and the same is in all things dismissed."

Authority to dismiss the cause was derived from section 37 of the Judicial Code (Comp. St. 1913, § 1019). From such an order of dismissal appeal lies under section 238 of said Code to the Supreme Court, and not to the Court of Appeals.

Therefore the motion to dismiss the appeal must be sustained.